## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DAVID MARTINEZ, RAFAEL RIVERA,**
**and, JUAN ROJAS**

     **Plaintiffs,**

**v.**                                 **CASE NO.:**

**DDS DELIVERY SERVICES, LLC,**

     **Defendant.**               **/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, DAVID MARTINEZ, RAFAEL RIVERA and, JUAN ROJAS, (jointly referred to as "Plaintiffs"), by and through the undersigned attorney, sues the Defendant, DDS DELIVERY SERVICES, LLC, a Florida Limited Liability Company, and alleges:

1.    Plaintiffs were employees of Defendant and bring this action for unpaid minimum wages and proper overtime compensation, liquidated damages, and all other applicable relief pursuant to Fla. Const. Art. X § 24, and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2.    Plaintiffs were employees who worked for Defendant in Brevard County, Florida.

1

3.     Plaintiff David Martinez worked for Defendant from around June 2020 to October 2020 as an Appliance Installer.

4.     Plaintiff Rafael Rivera worked for Defendant from around August 2020 to November 2020 as an Appliance Installer.

5.     Plaintiff Juan Rojas worked for Defendant from around August 2020 to October 2020 as a Driver.

6.     Plaintiffs were paid a "day rate" in exchange for work performed.

7.     At all times material to this cause of action, Defendant was an enterprise subject to the Florida Constitution's provision on minimum wages and the FLSA.

8.     At all times material to this cause of action, Plaintiffs were non-exempt employees and therefore entitled to overtime wages for any and all overtime hours worked.

9.     Defendant, DDS DELIVERY SERVICES, LLC, is a Florida Limited Liability Company that operates and conducts business in Brevard County, Florida and is therefore, within the jurisdiction of this Court.

10.     Defendant, DDS DELIVERY SERVICES, LLC, operates as an appliance installation company in Palm Bay, Florida.

11.     This action is brought under the FLSA and Fla. Const. Art. X § 24 to recover from Defendant minimum wage and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

2

12.     This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA.

13.     Venue is proper in this district in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

14.     During Plaintiffs' employment with Defendant, DDS DELIVERY SERVICES, LLC, earned more than $500,000.00 per year in gross sales.

15.     During Plaintiffs' employment, Defendant, DDS DELIVERY SERVICES, LLC, employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to appliances, installation tools, trucks, and other tools/materials used to run the business.

16.     Therefore, at all material times relevant to this action, Defendant, DDS DELIVERY SERVICES, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

**<u>Minimum Wage and Overtime Violations</u>**

17.     At all times relevant to this action, Defendant failed to comply with Fla. Const. Art. X § 24 and the FLSA because Plaintiffs performed services for Defendant for which they was not paid full minimum wages for all hours worked and no provisions were made by Defendant to properly pay Plaintiffs for all overtime hours worked.

18.     In 2020, when Plaintiffs worked for Defendant, the applicable minimum wage rate in Florida was $8.56 per hour.

19.     During their employment with Defendant, Plaintiffs' regular hourly rate fell below the applicable minimum wage during one or more weeks.

20.     During their employment with Defendant, Plaintiffs routinely worked more than forty (40) hours per week.

21.     During their employment with Defendant, Defendant failed to pay Plaintiffs overtime compensation for overtime work performed.

22.     Plaintiffs are entitled to the additional half-time premium for overtime work performed.

23.     Based upon the above policies, Defendant has violated Fla. Const. Art. X § 24 by failing to pay the full minimum wage for each hour worked.

24.     Based upon the above policies, Defendant has violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

25.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession and custody of Defendant.

26.     Plaintiffs have hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

27.     All conditions precedent to this action have been performed or waived.

4

## COUNT I - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

28.    Paragraphs one (1) through twenty-seven (27) above are fully re-alleged and incorporated herein.

29.    Plaintiffs are/were entitled to be paid the minimum wage for each hour worked per week.

30.    Florida's minimum wage rate in 2020 was $8.56 per hour.

31.    During their employment with Defendant, Plaintiffs were not always paid the minimum wage for each hour of work performed in violation of Fla. Const. Art. X § 24.

32.    As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs minimum wages for each hour worked in one or more work week, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

33.    Defendant did not have a good faith basis for its failure to pay Plaintiffs minimum wages for each hour worked.

34.    As a result of Defendant's willful violation of the law, Plaintiffs are entitled to liquidated damages in an amount equal to the unpaid wages.

35.    Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, DAVID MARTINEZ, RAFAEL RIVERA and, JUAN ROJAS, demand judgment against Defendant for the payment of all unpaid

minimum wages for which Defendant did not properly compensate, damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)

36.     Paragraphs one (1) through twenty-seven (27) above are fully re-alleged and incorporated herein.

37.     Plaintiffs are/were entitled to be paid the minimum wage for each hour worked per week.

38.     During their employment with Defendant, Plaintiffs were not paid the minimum wage for each week of work performed in violation of the FLSA.

39.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs minimum wages for each hour worked in one or more work week, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

40.     Defendant did not have a good faith basis for its failure to pay Plaintiffs minimum wages for each hour worked.

41.     As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

42.     Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, DAVID MARTINEZ, RAFAEL RIVERA and,

JUAN ROJAS, demand judgment against Defendant for the payment of all unpaid minimum wages for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - RECOVERY OF OVERTIME COMPENSATION (FLSA)

43.    Paragraphs one (1) through twenty-seven (27) above are fully re-alleged and incorporated herein.

44.    Plaintiffs are/were entitled to be paid the additional half-time premium for each hour worked in excess of forty (40) per work week.

45.    During their employment with Defendant, Plaintiffs were not paid the additional half-time premium for all overtime hours worked in violation of the FLSA.

46.    As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiffs overtime compensation for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

47.    Defendant did not have a good faith basis for its failure to pay Plaintiffs overtime compensation for each hour worked in excess of forty (40) per work week.

48.     As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

49.     Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, DAVID MARTINEZ, RAFAEL RIVERA and, JUAN ROJAS, demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 6th day of May, 2021.

**/s/ JOLIE N. PAVLOS**
Jolie N. Pavlos, Esq.
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 245-3517
Facsimile: (407) 204-2206
Email: JPavlos@forthepeople.com
xlezcanocaban@forthepeople.com
Attorneys for Plaintiff