## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DAVID MARTINEZ, RIVERA
RAFAEL, and ROJAS JUAN,**

        **Plaintiffs,**

**v.**                                        **Case No: 6:21-cv-794-GAP-EJK**

**DDS DELIVERY SERVICES, LLC,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiffs' Second Amended Motion for Default Judgment (the "Motion"). (Doc. 15.) Upon consideration, I respectfully recommend that the Motion be granted in part.

### I.    BACKGROUND

This is an action for unpaid overtime and minimum wage compensation under the Fair Labor Standards Act of 1938 ("FLSA") and the Florida Constitution, Fla. Const. art. X, § 24. (Doc. 1.) Plaintiffs have sued Defendant DDS Delivery Services, LLC ("DDS"), asserting that they were non-exempt employees at DDS. (*Id.* ¶¶ 2–8.)

On May 26, 2021, Plaintiffs served DDS by serving process on its registered agent, Donald Johnson, at the principal address for DDS. (Doc. 8.) No answer was filed by Defendant. Thus, the Clerk entered default against Defendant on July 15, 2021. (Doc. 10.) Plaintiffs thereafter filed the first Motion for Default Judgment and Amended Motion for Default Judgment (Docs. 13, 14) before filing the instant Second

Amended Motion for Default Judgment (Doc. 15).

## II.   STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Afterwards, a court may enter a default judgment against the party. Fed. R. Civ. P. 55(b). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Eleventh Circuit has interpreted "a sufficient basis" as "being akin to . . . surviv[ing] a motion to dismiss for failure to state a claim." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In addition to stating a plausible claim for relief, the movant must ensure that the court has jurisdiction over the parties. *Schwartz v. Fontana*, Case No. 8:16-cv-914-T-30AAS, 2016 WL 4272213, at *2 (M.D. Fla. Aug. 15, 2016). "All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted." *See Nishimatsu*, 515 F.2d at 1206.

## III.   DISCUSSION

### A. Adequacy of Service and Personal Jurisdiction

Upon review of the allegations in the Complaint and the service of process, the undersigned finds that there is personal jurisdiction over Defendant. Federal Rule of Civil Procedure 4(k)(1)(A) provides that "serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Federal Rule of Civil Procedure 4(h) provides that service on a corporation, partnership, or association may be perfected in a manner prescribed by Rule 4(e)(1) for serving an individual, or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

The affidavit of service for DDS provides that the service processor personally served a copy of the summons and the Complaint upon the registered agent of DDS, Donald Johnson, at the principal address for DDS, 434 Saunders Road, Palm Bay, FL 32909. (Doc. 8.) Based on the foregoing, the Court finds that Plaintiffs perfected service of process on Defendant pursuant to Rule 4(h).

In addition to adequate service of process, the party moving for default judgment must demonstrate that a court has jurisdiction over the parties. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752561, at *2 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*,

2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) ("In addition to a showing of adequate service of process (or a showing sufficient to establish waiver of same), a Court must assure itself of jurisdiction over the action and the parties."). This requires a showing that "a defendant is within the substantive reach of a forum's jurisdiction under applicable law." *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003). The undersigned finds that there is personal jurisdiction over DDS because it is a Florida limited liability company that operates and conducts business in Brevard County, Florida. (Doc. 1 ¶ 9.)

### B. Venue

Plaintiffs allege that venue is appropriate in the Middle District of Florida because "a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district." (Doc. 1 ¶ 13.) This is corroborated by Plaintiffs' allegations that they worked as non-exempt employees for Defendant, who was conducting business in Brevard County, Florida. (*Id.* ¶¶ 3–5, 8–9.) Pursuant to 28 U.S.C. § 1391(b)(2), a civil action can be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Since the events giving rise to this action occurred in one of the counties served by the Orlando division, the undersigned finds that venue is appropriate.

### C. Subject Matter Jurisdiction

Plaintiffs allege that there is federal question jurisdiction over their FLSA claims. (Doc. 1 ¶ 12.) Federal question jurisdiction exists in civil actions arising under

the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *U.S. Bank Nat'l Ass'n v. Windsor*, No. 6:15-cv-1895-Orl-41GJK, 2016 WL 3166851, at \*2 (M.D. Fla. Mar. 14, 2016), *report and recommendation adopted*, 2016 WL 3144143 (M.D. Fla. June 6, 2016). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted); *see also Kemp v. Int'l Bus. Mach. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint."). Here, Plaintiffs bring claims arising under the FLSA, which is federal law; thus, the Court has federal question jurisdiction.

Plaintiffs also bring claims under the Florida Constitution but fail to allege that there is supplemental jurisdiction over their state law claims. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, a court may decline from exerting supplemental jurisdiction if the state law claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." *Id.* § 1367(c)(2). Upon review of the state law claims, the undersigned finds Plaintiffs' claims for unpaid wages arise out of their employment with Defendant, which is also the basis for their FLSA claim. Because the state law claims arise out of the same controversy as the FLSA

claim, the Court will exercise supplemental jurisdiction over the state law claims.

### D. Entitlement to Default Judgment and Damages

#### i. Plaintiffs Have Failed to Establish a Claim Under the Florida Constitution (Count I)

Plaintiffs bring Count I for violation of the Florida Constitution, Fla. Const. art. X, § 24. Plaintiffs state that while they were employed by Defendant, they were entitled to be paid the applicable minimum wage for each hour worked. Plaintiffs contend that Defendant violated the Florida Constitution's minimum wage provision by failing to pay the full minimum wage for each hour of work performed. (Doc. 1 ¶ 31.) The undersigned recommends the Court deny default judgment because Plaintiffs have failed to allege that they gave Defendant the required pre-suit notice.

Article X, Section 24, of the Florida Constitution states: "Employers shall pay Employees Wages no less than the Minimum Wage for all hours worked in Florida. . . . Persons aggrieved by a violation of this amendment may bring a civil action in a court of competent jurisdiction against an Employer or person violating this amendment." Fla. Const. art. X, § 24. Subsection (f) of Section 24 provides that implementing legislation is not required to enforce the constitutional provision but that the "state legislature may by statute . . . adopt any measures appropriate for the implementation of this amendment." *Id.*, § 24(f). Accordingly, on December 12, 2005, the Florida legislature passed the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"), to "provide measures appropriate for the implementation of s. 24, Art. X of the State Constitution." Fla. Stat. § 448.110(2). In doing so, the Florida legislature

established the exclusive remedial vehicle for Florida minimum wage claims pursuant to the FMWA. Fla. Stat. § 448.110(10) ("This section shall constitute the exclusive remedy under state law for violations of s. 24, Art. X of the State Constitution.").

Section 448.110(6) creates a requirement to give pre-suit notice: "prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action." Fla. Stat. § 448.110(6). "The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice." *Id.* Failure to comply with the pre-suit notice requirement will result in dismissal of the claim. *See, e.g.*, *Nichols v. Lab'y Corp. of Am.*, No. 2:13-cv-848-FtM-38, 2014 WL 820656, at \*3 (M.D. Fla. Mar. 3, 2014) (collecting cases).

Here, although Plaintiffs allege a violation of Fla. Const. art. X, § 24, they do not allege in the Complaint that they complied with the pre-suit notice requirements established in the FMWA. Plaintiffs altogether fail to address the pre-suit notice requirement in their pleadings. Therefore, the undersigned is unable to determine whether Plaintiffs complied with Fla. Stat. § 448.110(6) before they filed the instant suit against Defendant. Accordingly, because Plaintiffs have not alleged compliance with the FMWA's pre-suit notice requirement, the undersigned respectfully recommends the Court deny Plaintiffs' Motion with respect to this issue.

### ii.  *Plaintiffs Have Established a Claim Under the FLSA (Counts II and III)*

Under Count II, Plaintiffs allege that Defendant failed to pay them the minimum wage for each week of work, which violates the FLSA minimum wage provision. (Doc. 1 ¶ 38.) Under Count III, Plaintiffs allege that Defendant failed to pay them overtime wages for work in excess of forty hours per week, which violates the FLSA. (*Id.* ¶ 45.)

The FLSA establishes minimum and overtime wage standards for employees who are "engaged in commerce or in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(b), 207(b). "To trigger liability under the FLSA's minimum [or overtime] wage provisions, . . . [P]laintiff must show: (1) an employee-employer relationship exists between [him and Defendants], and (2) he is 'covered' by the FLSA." *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33CPT, 2019 WL 2931469, at *3 (M.D. Fla. June 19, 2019) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)), *report and recommendation adopted*, 2019 WL 2929325 (M.D. Fla. July 8, 2019). "To state a claim for failure to pay minimum [or overtime] wages under the FLSA, . . . [P]laintiff must demonstrate that (1) he is employed by . . . [D]efendant[s], (2) . . . [D]efendant[s] engaged in interstate commerce, and (3). . . [D]efendant[s] failed to pay him minimum [or overtime]. . . wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n.68

(11th Cir. 2008)).

The FLSA requires that an employee receive no less than a minimum rate of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(c). It also prohibits employees from working more than 40 hours a week unless they are compensated at "a rate not less than one and one-half times the regular rate at which he is employed." *Id.* § 207(a)(2). Any employer who violates the FLSA's minimum and overtime wage provisions is "liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Plaintiffs' allegations sufficiently demonstrate an employee-employer relationship between themselves and Defendant. Plaintiffs David Martinez and Rafael Rivera allege they were employed by Defendant as non-exempt appliance installers from around June 2020 to October 2020 and August 2020 to November 2020, respectively. (Doc. 1 ¶¶ 3–4.) Plaintiff Juan Rojas alleges he was employed by Defendant as a non-exempt driver from around August 2020 to October 2020. (*Id.* ¶ 5.)

With respect to the coverage element, "a plaintiff employee must establish one of two types of coverage under the FLSA: (1) 'enterprise coverage,' which applies to the defendant employer, or (2) 'individual coverage,' which applies to the plaintiff employee." *Gaviria v. Maldonado Brothers, Inc.*, No. 13-60321-CIV-ROSENBAUM/HUNT, 2014 WL 12531281, at *3 (S.D. Fla. Mar. 31, 2014) (citing *Martinez v. Palace*, 414 F. App'x 243, 244-45 (11th Cir. 2011) and *Thorne v. All*

*Restoration Servs.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006)). "An employer falls within the FLSA's enterprise coverage if it meets two requirements: (1) it 'has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and (2) has an 'annual gross volume of sales made or done,'" which is in excess of $500,000. *Id.* (quoting 29 U.S.C. § 203(s)(1)(A)).

In the Complaint, Plaintiffs allege that DDS meets enterprise coverage because it had annual gross revenue that totaled $500,000 or more and was engaged in interstate commerce within the meaning of the FLSA, since it had employees that engaged in interstate commerce and handled goods, materials, and supplies which travelled in interstate commerce. (Doc. 1 ¶¶ 14–15.) Accepting these allegations as true, I find Plaintiffs sufficiently demonstrate enterprise coverage.

To support their FLSA overtime wage claims (Count III), Plaintiffs allege that they routinely worked in excess of 40 hours per week without appropriate compensation for the excess hours. (*Id.* ¶¶ 20–21.) For their FLSA wage claims, Plaintiffs allege that Defendant failed to pay them minimum wages. (*Id.* ¶ 38.) However, upon review of Plaintiffs' Declarations, it appears that only Plaintiffs Martinez and Rojas allege that Defendant failed to pay them minimum wages as required by the FLSA. Specifically, Plaintiff Martinez alleges that Defendant failed to pay him his last paycheck, which included one week of unpaid work. (Doc. 15-1 ¶¶ 10–11.) Plaintiff Rojas also alleges Defendant failed to pay him for one week of work.

(Doc. 15-2 ¶¶ 10–11.) I recommend that the Court find that these well-pleaded allegations demonstrate that Defendant failed to pay minimum wages to Plaintiffs Martinez and Rojas and overtime compensation to all Plaintiffs as required by the FLSA.

Having established violations of §§ 206 and 207, Plaintiffs Martinez and Rojas are entitled to an award of damages, consisting of their unpaid minimum wages and overtime wages and an equal amount of liquidated damages. *See* 29 U.S.C. § 216(b). Plaintiff Rivera has established a violation of § 207 and is entitled to his unpaid overtime compensation. Based on the information Plaintiffs provided, the undersigned makes the following calculations as to each Plaintiff:

### a.  *Plaintiff Martinez*

**Minimum Wages**

In support of his damages, Martinez attests in his Declaration that he was not paid his last paycheck, which included five days of unpaid work. (Doc. 15-1 ¶¶ 10–11.) Martinez seeks $8.56 per hour, the Florida minimum wage, for 78 hours, for a total of $667.68 in unpaid wages (not including overtime compensation).

After reviewing the evidence presented, I recommend that the Court find that Martinez is entitled to actual damages in the amount of $562. As discussed above, Plaintiffs failed to comply with the pre-suit notice requirements under the FMWA. Accordingly, Plaintiffs can recover only minimum wages under the FLSA, not under Florida state law. Thus, the undersigned applies the federal minimum wage to determine Plaintiffs' minimum wage claims.

The Federal minimum wage rate is $7.25 per hour.[1] The overtime rate is one and a half times the minimum wage.[2] Martinez alleges the week at issue included five days of unpaid work, and that, on average, Martinez worked thirteen hours per day. (Doc. 1 ¶¶ 8, 11.) Therefore:

13 hours x 5 days = 65 hours

40 hours x $7.25 = $290 (this represents the wages Martinez should have been paid under the Federal minimum wage for a 40-hour week)

$10.88 x 25 = $272 (this represents the overtime wages Martinez should have been paid for that same week)

$290 + $272 = $562

Thus, Martinez is owed $562 in actual minimum wages and $562 in liquidated damages, for a total of $1,124.

**Overtime Wages**

The overtime rate is one and a half times an employee's regular rate of pay.[3] Martinez states that his daily average rate was $120, and that he worked, on average, 78 hours per week. (Doc. 15-1 ¶¶ 8, 9.) Thus, Martinez's average hourly rate was approximately $9.23. Based on the foregoing, Martinez calculates he should have received approximately $175.38 in additional overtime compensation per week, for 18

---

[1] *See Handy Reference Guide to the Fair Labor Standards Act*, https://www.dol.gov/agencies/whd/compliance-assistance/handy-reference-guide-flsa#1 (last visited Dec. 14, 2021).

[2] *Id.*

[3] *Id.*

weeks, by multiplying half his average hourly rate by the weekly overtime hours. (*Id.* ¶ 9.) This amounts to $3,156.84 in overtime compensation. The undersigned agrees with Martinez's calculations as they reflect the half time wage for the overtime hours. Thus, Martinez is owed $3,156.84 in actual overtime wages and $3,156.84 in liquidated damages, for a total of $6,313.68.

In light of the foregoing, I recommend that the Court find that Martinez is entitled to actual damages for his minimum wage claim in the amount of $562 and liquidated damages in the amount of $562. For Martinez's overtime wage claim, I recommend that the Court find that Martinez is entitled to actual damages in the amount of $3,156.84 and liquidated damages in the amount of $3,156.84. This amounts to a total of $7,437.68 for Martinez's claims.

### b. *Plaintiff Rojas*

**Minimum Wages**

In support of his damages, Rojas attests in his Declaration that he was not paid one of his weekly paychecks, which included 58 hours of unpaid work. (Doc. 15-2 ¶¶ 10–11.) Rojas seeks $8.56 per hour, the Florida minimum wage, for 58 hours, for a total of $496.48 (not including overtime compensation). (*Id.* ¶ 12.)

After reviewing the evidence presented, I recommend that the Court find that Rojas is entitled to actual damages in the amount of $485.84. Rojas alleges the week at issue included 58 hours of unpaid work. (*Id.* ¶ 11.) Using the federal minimum wage and overtime compensation set forth above:

40 hours x $7.25 = $290 (this represents the wages Rojas should have been paid

under the Federal minimum wage for a 40-hour week)

$10.88 x 18 = $195.84 (this represents the overtime wages Rojas should have been paid for that same week)

$290 + $195.84 = $485.84

Thus, Rojas is owed $485.84 in actual minimum wages and $485.84 in liquidated damages, for a total of $971.68.

**Overtime Wages**

As stated above, the overtime rate is one and a half times the employee's regular rate of pay. Rojas states that his daily average rate was $110, and that he worked, on average, 66 hours per week. (Doc. 15-2 ¶¶ 8, 9.) Thus, Rojas's average hourly rate was $10. Based on the foregoing, Rojas calculates he should have received approximately $130 in additional overtime compensation per week, for nine weeks, by multiplying half his average hourly rate by the weekly overtime hours. (*Id.* ¶ 9.) This amounts to $1,170 in overtime compensation. The undersigned agrees with Rojas' calculations. Thus, Rojas is owed $1,170 in actual overtime wages and $1,170 in liquidated damages, for a total of $2,340.

In light of the foregoing, I recommend that the Court find that Rojas is entitled to actual damages for his minimum wage claim in the amount of $485.84 and liquidated damages in the amount of $485.84. For Rojas' overtime wage claim, I recommend that the Court find that Rojas is entitled to actual damages in the amount of $1,170 and liquidated damages in the amount of $1,170. This amounts to a total of $3,311.68 for Rojas' claims.

### c. *Plaintiff Rivera*

As discussed above, Plaintiff Rivera's sole claim against Defendant is for overtime wages. (*See* Doc. 15-3.) Rivera states that he was paid $110 per day, and that he worked, on average, 78 hours per week. (Doc. 15-3 ¶¶ 6, 8–9.) Thus, Rivera's average hourly rate was approximately $8.46. Based on the foregoing, Rivera calculates he should have received approximately $160.77 in additional overtime compensation per week, for 17 weeks, by multiplying half his average hourly rate by the weekly overtime hours. (*Id.* ¶ 9.) This amounts to $2,733.09 in overtime compensation. The undersigned agrees with Rivera's calculations. Thus, Rivera is owed $2,733.09 in actual overtime wages and $2,733.09 in liquidated damages, for a total of $5,466.18.

In light of the foregoing, I recommend that the Court find that Rivera is entitled to actual damages for his overtime wage claim in the amount of $2,733.09 and liquidated damages in the amount of $2,733.09. This amounts to a total of $5,466.18 for Rivera's claim.

### E. Entitlement to Attorney's Fees

In their Complaint, Plaintiffs make a claim for attorney's fees and costs pursuant to the FLSA and Fla. Const. art. X, § 24. (Doc. 1 at ¶¶ 32, 39, and 46.) A party that prevails on a FLSA claim is entitled to reasonable attorney's fees and costs. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Here, as discussed above, the undersigned

recommended granting default judgment in favor of Plaintiffs in the total amount of $16,215.54. Therefore, Plaintiffs are the prevailing party in this case and are entitled to an award of attorney's fees under section 216(b) of the FLSA. *See Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigr. Servs.*, 452 F.3d 1254, 1257 (11th Cir. 2006) (stating that "'a prevailing party' is one who has been awarded some relief by the court"). Plaintiffs' counsel seeks a total of $3,030 in attorney's fees for 10.1 hours of work.

After determining a prevailing party's entitlement to fees, the Court must then consider the reasonableness of the amount of fees and costs award. To calculate a reasonable award of attorney's fees, courts multiply the reasonable hourly rate by the reasonable hours expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining this lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. At a minimum, satisfactory

evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

After determining the reasonable hourly rate, courts must then determine the number of hours reasonably expended on the litigation. In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Norman*, 836 F.2d at 1301. Accordingly, counsel may not bill any hours to their adversary which they would not bill to their client. *Hensley*, 461 U.S. at 434. Where the time or fees claimed appear expanded or lack documentation or testimonial support, a court may make a fee award based on its own experience and knowledge. *Norman*, 836 F.2d at 1303 (citation omitted).

As noted, Plaintiffs seek reimbursement for 10.1 hours of attorney time at a rate of $300 per hour for Attorney Jolie Pavlos. (Doc. 15-4.) According to Ms. Pavlos, she has practiced law in the state of Florida since 2016 and has primarily handled employment discrimination and wage claims for plaintiffs since joining the law firm of Morgan & Morgan, P.A., in April 2018. (*Id.* ¶ 6–7.) While Ms. Pavlos is certainly qualified and experienced, the undersigned recommends that a reduction in her hourly rate is warranted.

The cases Ms. Pavlos cites in support of her hourly rate are distinguishable as the attorneys in those cases had significantly more experience. *See, e.g.*, *Bishop v. VIP Transportation Group, LLC*, No. 6:15-cv-2118-Orl-22KRS, Doc. 46 (M.D. Fla. Apr. 7,

2017) (recommending a rate of $350 per hour as reasonable for an attorney with more than 20 years of experience as a labor and employment attorney); *Curbelo et al. v. Mallard Cleaning Systems, LLC*, No. 6:14-cv-2103-Orl-37DAB, Doc. 24 (M.D. Fla. Apr. 14, 2015) (recommending a rate of $350 per hour as reasonable for an attorney who had been a member of the Florida Bar for nine years and practiced extensively in employment related matters for eight years); *Orama v. Auto. Link, Inc.*, No. 6:11-cv-954-Orl-36, 2012 WL 3854505, at *3 (M.D. Fla. Aug. 27, 2012), *report and recommendation adopted*, 2012 WL 3860323 (M.D. Fla. Sept. 4, 2012) (recommending rate of $350 per hour as reasonable for an attorney who had "been practicing employment law since 1994").

The Court finds a reasonable hourly rate for Ms. Pavlos to be no more than $250. A review of decisions in the Orlando division awarding attorney's fees in FLSA default cases supports the Court's determination of the reasonable hourly rate in this case. *See Pollock v. Move4All, Inc.*, No. 6:19-cv-130-Orl-31DCI, 2020 WL 5505389, at *3–4 (M.D. Fla. Aug. 21, 2020), *report and recommendation adopted*, 2020 WL 5500213 (M.D. Fla. Sept. 11, 2020) (finding hourly rate of $325 reasonable for attorney with more than 20 years of experience and hourly rate of $200 reasonable for attorney with approximately five years of legal experience); *Parker v. Green Mountain Specialties Corp.*, No. 6:19-cv-1571-Orl-37GJK, 2020 WL 1957573, at *4 (M.D. Fla. Apr. 7, 2020), *report and recommendation adopted*, 2020 WL 1955340 (M.D. Fla. Apr. 23, 2020) (finding $300 per hour a reasonable rate where counsel had been licensed since 2007 and exclusively

practiced in labor and employment law); *Rizzo-Alderson v. Tawfik*, No. 5:17-cv-312, 1991 WL 3324298, at *3 (M.D. Fla. July 1, 2019) (collecting cases that reflect courts in the Middle District have awarded rates between $250–$375 per hour in FLSA cases). Thus, based on the prevailing rates in the local market and the undersigned's own knowledge and experience, the hourly rate should be reduced from the requested $300 hourly rate to a $250 hourly rate.

With respect to the hours expended, the time sheet reflects Ms. Pavlos expended a reasonable amount of time on the matter. Ms. Pavlos seeks reimbursement for 10.1 hours of time. (Doc. 15-5.) However, the undersigned recommends two reductions. First, I recommend reducing the total amount of time by .4 hours. Upon review of the individual entries, the undersigned finds the time sheet includes .4 hours of work not properly chargeable to one's adversary: drafting the motion for extension of time. *See Shoultz v. Petroleum Technicians, Inc.*, No. 6:08-cv-1564-Orl-18DAB, 2009 WL 891913, at *2 (M.D. Fla. Apr. 1, 2009). After making a deduction for this charge, I recommend reducing the total amount, $2,425, or 9.7 hours at the reduced hourly rate, by 20% in light of the above recommendation that the Court deny Plaintiffs' Motion on Count I. *See supra* Section III(D)(i). Thus, I recommend Plaintiffs receive a total of $1,940 in attorney's fees.

### F.  Entitlement to Costs

The costs recoverable by a prevailing plaintiff in FLSA cases under section 216(b) are limited to those costs enumerated in 28 U.S.C. § 1920. *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). Here, Plaintiffs seek to recover

costs associated with filing fees and service of process fees. These costs are properly recoverable under section 1920. *See* 28 U.S.C. § 1920(1). Plaintiffs request costs in the amount of $462. (Doc. 15-4 ¶ 14.) The evidence provided by Plaintiffs supports this award. (*See* Doc. 15-6.) Therefore, it is recommended that costs be awarded in the amount of $462.

## IV.   RECOMMEDATION

Upon consideration of the foregoing, I respectfully recommend that the Court:

1. **GRANT IN PART** Plaintiffs' Second Amended Motion for Default Judgment (Doc. 15).

2. **FIND** that Plaintiffs are entitled to default judgment on Counts II and III.

3. **FIND** that Plaintiff Martinez is entitled to damages for Counts II and III amounting to $7,437.68, Plaintiff Rojas is entitled to damages for Counts II and III amounting to $3,311.68, and that Plaintiff Rivera is entitled to damages for Count III amounting to $5,466.18.

4. **FIND** that Plaintiffs' attorneys are entitled to attorney's fees and costs for time and expenses spent litigating this action in the amount of $2,402.

5. **ENTER** a final default judgment in favor of Plaintiffs and against Defendant in the amount of $18,607.54.

## <u>NOTICE TO PARTIES</u>

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection**.

Recommended in Orlando, Florida on December 17, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties