# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DAVID MARTINEZ, RIVERA
RAFAEL and ROJAS JUAN,

        Plaintiffs,

v.                                  Case No:   6:21-cv-794-GAP-EJK

DDS DELIVERY SERVICES, LLC

        Defendant.

## ORDER

This matter comes before the Court on Plaintiffs' Second Amended Motion for Entry of Default Judgment ("Motion"). Doc. 15. On referral, Magistrate Judge Embry J. Kidd issued a Report and Recommendation ("Report") recommending that the Motion be granted in part and denied in part. Doc. 16. Plaintiffs filed an Objection to the Report. Doc. 18. Upon de novo review of the above, the Report will be adopted.

### I. Background

Plaintiffs allege that they performed work for Defendant DDS Delivery Services, LLC ("DDS") but did not receive the proper minimum wage or overtime compensation. Doc. 1. They filed suit under the Fair Labor Standards Act of 1938 and the Florida Constitution, seeking unpaid wages, liquidated damages, and

reasonable attorneys' fees and costs. *Id.* ¶ 11.

DDS never answered Plaintiffs' properly served complaint. Doc. 16. So, on July 15, 2021, the Clerk entered default against DDS. Doc. 10. Plaintiffs then filed a Motion for Default Judgment (Doc. 13), an Amended Motion for Default Judgment (Doc. 14), and a Second Amended Motion for Default Judgment. Doc. 15. The Court referred the matter to United States Magistrate Judge Embry J. Kidd, who recommended that the Motion be granted in part and denied in part. Doc. 16.

Plaintiffs object to a sliver of Judge Kidd's Report—namely, Judge Kidd's conclusion that Plaintiffs are not entitled to relief under the Florida Constitution because Plaintiffs did not allege that they provided Defendant with pre-suit notice of their claims. *See* Doc. 18 at 2-3. This objection raises a deceptively simple question: is pre-suit notice required to vindicate minimum wage claims under Article 10, Section 24, of the Florida Constitution? As discussed below, the Court concludes that the answer is yes.

## II.    Legal Standard

In resolving objections to the recommendation of a magistrate judge, the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.[1] De novo review requires

---

[1] Where a litigant does not make specific objections to a magistrate judge's factual findings, those findings are reviewed for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th

independent consideration of factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). After conducting a careful and complete review of the findings and recommendations, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**III. Analysis**

**A. Article 10, Section 24, of the Florida Constitution and the Florida Minimum Wage Act**

Article 10, Section 24, of the Florida Constitution provides that "[e]mployers shall pay [e]mployees [w]ages no less than the [m]inimum [w]age for all hours worked in Florida." Fla. Const. art. X, § 24(c). And "[p]ersons aggrieved by a violation of this amendment may bring a civil action in a court of competent jurisdiction against an [e]mployer or person violating this amendment." Fla. Const. art. X, § 24(e).

Although Section 24 is self-executing, *see* Fla. Const. art. X, § 24(f) ("Implementing legislation is not required in order to enforce this amendment."), "[t]he state legislature may by statute . . . adopt any measures appropriate for the implementation" of the rights contained therein. Fla. Const. art. X, § 24(f).

---

Cir. 1993).

The legislature took up that invitation. *See* Fla. Stat. § 448.110. It adopted the Florida Minimum Wage Act ("FMWA") to "provide measures appropriate for the implementation of [Section] 24." § 448.110(2). And it declared that the FMWA "constitute[s] the exclusive remedy under state law for violations of [Section] 24." § 448.110(10); *see also* § 448.110(6)(a) ("Any person aggrieved by a violation of this section may bring a civil action in a court of competent jurisdiction against an employer violating this section . . . .").

As is pertinent here, the FMWA includes a requirement otherwise absent from Section 24: the provision requires written pre-suit notice. *See* § 448.110(6)(a)-(b). "The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice." § 448.110(6)(a). And after it is given, the employer has fifteen days "to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved"—a period during which the statute of limitations is tolled. § 448.110(6)(b).

Plaintiffs' objection rests on whether this pre-suit notice requirement is constitutional. The Court concludes that it is.

### B. The Overarching Constitutional Standard

The Florida Supreme Court has said that "the Legislature may provide additional laws addressing a self-executing constitutional scheme" so long as those laws "supplement, protect, or further the availability of the constitutionally conferred right." *Browning v. Fla. Hometown Democracy, Inc., PAC*, 29 So. 3d 1053, 1064 (Fla. 2010) (citations omitted). Stated alternatively, "the Legislature may not modify the right in such a fashion that it alters or frustrates the intent of the framers and the people." *Id.*

### C. Federal Case Law Addressing the Issue

The Florida Supreme Court has yet to address whether the pre-suit notice requirement in the FMWA strays beyond permissible bounds. But federal courts have weighed in on the issue. *See, e.g.*, *Smith v. Heritage Health Care Ctr.*, No. 4:17cv293, 2017 WL 10841212, at *3 (N.D. Fla. Aug. 2, 2017) (delimiting those "factions" that have "emerged" in the dispute surrounding the "constitutionality of section 448.110(6)(a)'s pre-suit notice requirement").

Some have held the pre-suit notice requirement unconstitutional because it "add[s] a requirement that must be fulfilled before an aggrieved party may exercise a right previously granted by the Constitution." *Throw v. Republic Enter. Sys., Inc.*, No. 8:06-cv-724, 2006 WL 1823783, at *1-2 (M.D. Fla. June 30, 2006); *see, e.g.*, *Moore v. AIA Direct, Inc.*, 8:15-cv-1885, 2016 WL 320139, at *3 (M.D. Fla. Jan. 26,

2016) (intimating that an "exception to the notice requirement" exists for claims brought directly under Section 24 (referencing *Throw*, 2006 WL 1823783, at *1-2)). *C.f. Bates v. Smuggler's Enters., Inc.*, No. 2:10-cv-136, 2010 WL 3293347, at *1-4 (M.D. Fla. Aug. 19, 2010) ("The cause of action created by the Florida Constitution does not contain the notice requirements of the Florida statute, and such requirements . . . impermissibly modify the [constitutional] right in such a fashion that it alters and frustrates the intent of the framers and the people to provide a cause of action without the detailed pre-suit notice.").

Others have concluded that the pre-suit notice requirement is constitutional because Section 24 "authorize[s] the legislature" to craft implementing legislation, and the pre-suit notice requirement "protects the right of the worker to full compensation" while "encourag[ing] prompt resolution of wage disputes short of litigation." *Resnick v. Oppenheimer & Co. Inc.*, No. 07-80609-CIV, 2008 WL 113665, at *2-3 (S.D. Fla. Jan. 8, 2008); *see, e.g., Aquino v. BT's on the River, LLC*, No. 20-20090-Civ, 2020 WL 7356372, at *4 (S.D. Fla. Dec. 15, 2020); *Smith*, 2017 WL 10841212, at *2-4; *Nichols v. Lab'y Corp. of Am.*, No. 2:13-cv-848, 2014 WL 820656, at *3-5 (M.D. Fla. Mar. 3, 2014); *Garcia-Celestino v. Ruiz Harveseting, Inc.*, No. 2:10-cv-542, 2013 WL 3816730, at *15-17 (M.D. Fla. July 22, 2013).[2]

---

[2] Others have declined to exercise supplemental jurisdiction, reasoning that the issue is best left for state courts. *See, e.g., Oster v. Lucky Rest. Mgmt., LLC*, No. 8:16-cv-2352, 2016 WL

With respect to this divergence of opinion, the Court sides with those cases that find the pre-suit notice provision to be a permissible (*i.e.*, constitutional) requirement that does not frustrate the intent of Section 24.[3] That section expressly contemplates the prospect of implementing legislation. *See* Fla. Const. art. X, § 24(f); *see generally Anagnos v. Nelsen Residence, Inc.*, 721 F. App'x 901, 903-04 (11th Cir. 2018) (non-precedential) (noting that, "[b]ased on th[e] authority" conferred in Section 24, the Florida Legislature enacted the FMWA (citation omitted)). And the FMWA's pre-suit notice requirement neither curtails a plaintiff's ability to vindicate his or her constitutional rights, *see Fla. Hosp. Waterman, Inc. v. Buster*, 984 So. 2d 478, 492-93 (Fla. 2008), nor restricts those rights to certain groups. *See Sparkman v. State ex rel. Scott*, 58 So. 2d 431, 432 (Fla. 1952).

Instead, it supplies a reasonable procedural framework for vindicating one's constitutional rights — a framework that "provides employers and employees with a method to quickly resolve disputes without resorting to the filing of a lawsuit" and "without sacrificing judicial economy." *Nichols*, 2014 WL 820656, at

---

6893972, at *2-5 (M.D. Fla. Nov. 23, 2016).

[3] Many courts in the Southern District of Florida that have considered the issue, if not most, have adopted this position. *See Aquino*, 2020 WL 7356372, at *4 (noting that a "wealth" of courts in the Southern and Middle districts have concluded that the "pre-suit notice requirement is . . . constitutional"); *Smith*, 2017 WL 10841212, at *3 n.4 (collecting cases from across the state). As has Judge Walker in the Northern District. *See Smith*, 2017 WL 10841212, at *3-4. This Court follows their lead.

\*4. This cuts to the public policy underpinning Section 24, *see id.* (referencing Fla. Const. art. X, § 24(a)), which expresses a purpose that serves "working Floridians," their "employers," and "taxpayer[s]." Fla. Const. art. X, § 24(a).

"This Court is obligated to 'construe a statute in such a way as to render it constitutional if there is any reasonable basis for doing so.'" *Nichols*, 2014 WL 820656, at \*4 (quoting *Aldana v. Holub*, 381 So. 2d 231, 237–38 (Fla. 1980)). So although Plaintiffs brought their claims under the Florida Constitution and not the FMWA, their claims "must be viewed through the lens of the FMWA."[4] *Li v. Roger Holler Chevrolet Co.*, No. 6:19-cv-1249, 2021 WL 4935673, at \*2 (M.D. Fla. May 5, 2021) (citing *Nichols*, 2014 WL 820656, at \*4). "Allowing a cause of action to proceed under [Section 24] without meeting the notice requirement renders Section 448.110(10) and the FMWA meaningless." *Garcia-Celestino*, 2013 WL 3816730, at \*17.

---

[4] In their Motion, Plaintiffs assert that "prior to filing this lawsuit, Plaintiffs sent Defendant a demand letter on January 6, 2021 putting Defendant on notice of Plaintiffs' claims." Doc. 18. But there is no analogous allegation in Plaintiffs' complaint, and because Plaintiffs have not attached the "demand letter," the Court cannot determine whether such complies with the requirements of the FMWA.

### IV. Conclusion

Plaintiffs' objection (Doc. 18) is **OVERRULED**, and Judge Kidd's Report (Doc. 16) is **ADOPTED** and **CONFIRMED**. Plaintiffs Second Amended Motion for Default Judgment (Doc. 15) is thus **GRANTED IN PART** as set forth in Judge Kidd's Report. Doc. 16.

The Clerk is directed to enter final judgment for Plaintiffs and against Defendant as follows:

| | |
|---|---|
| Plaintiff Martinez | $7,437.68 |
| Plaintiff Rojas | $3,311.68 |
| Plaintiff Rivera | $5,466.18 |
| Attorneys' Fees and Costs | $2,402.00 |
| Total | $18,617.54 * |

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 24, 2022.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

* Note, Judge Kidd's Report calculated the total sum as $18,607.54. Judge Kidd's recommendation is modified to include the correct addition.